In re Louis **ROGOWSKI** and Violeta Rogowski, Debtors.

**Bankruptcy No. 5-89-01309.**

United States Bankruptcy Court, D. Connecticut.

June 21, 1990.

Bruce L. Elstein, Simko & Elstein, Bridgeport, Conn., for Mechanics & Farmers Sav. Bank FSB.

James G. Verrillo, Zeisler & Zeisler, P.C., Bridgeport, Conn., for debtor.

## MEMORANDUM AND ORDER ON MOTION TO EXTEND TIME TO OBJECT TO DISCHARGE

ALAN H.W. SHIFF, Bankruptcy Judge.

Mechanics & Farmers Savings Bank FSB ("MFSB") moves for an extension of time to file a complaint to determine the dischargeability of its claim after the bar date for such complaints has passed. The debtors object.

**1.** Local Bankruptcy Rule 5(a) provides in part:
   The names of the creditors in each schedule filed pursuant to the Bankruptcy Rules shall be listed alphabetically and with the last known Post Office address, including name of street and number and zip code. Schedules of creditors and equity security holders shall be supplemented by a master list of creditors, arranged alphabetically with their addresses and zip codes and typed or clearly printed on a matrix.

**2.** Code § 523(c) provides in relevant part:

## BACKGROUND

On August 28, 1989, MFSB obtained a state court judgment of strict foreclosure against the debtors' property located at 64 Mianus Road, Cos Cob, Connecticut (the "property"). The judgment included a finding that the fair market value of the property was $346,000.00 and established October 30, 1989 as the debtors' law day. On October 27, 1989, the debtors filed a petition under chapter 7 of the Bankruptcy Code and listed MFSB in Schedule A–2 as a creditor holding a $284,800.00 first mortgage and a $250,000.00 attachment on the property. The debtors did not include MFSB on their matrix list of creditors or a separate list of secured creditors. *See* Bankruptcy Rule 1007(a); Local Bankruptcy Rule 5(a).[1] On October 30, the debtors gave MFSB verbal notice of their bankruptcy petition.

An October 31, 1989 Order and Notice set November 30, 1989 as the first date of the meeting of creditors and January 29, 1990 as the last day to file a complaint objecting to the dischargeability of a debt under § 523(c).[2] *See* 11 U.S.C. § 341(a);[3] Bankruptcy Rules 2002(a), 2003(a), 4007(c). On November 7, the clerk of this court sent an order dated November 4 to counsel for the debtors, directing him to serve notice of the first meeting of creditors and the § 523(c) bar date to all creditors by sending them a copy of the October 31 Order and Notice "not less than 20 days in advance of said hearing [first meeting of creditors], and returning to the Clerk's Office, prior to said hearing, a copy of the notice with service certified thereon or with an attached affidavit certifying service in the manner and to the parties set forth herein

[T]he debtor shall be discharged from a debt of a kind specified in paragraph (2) ... of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2) ... of subsection (a) of this section.

**3.** Code § 341(a) provides: "Within a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors."

above." The debtors did not send a copy of the October 31 Order and Notice to MFSB.

On January 30, 1990, the chapter 7 trustee informed MFSB that the § 523(c) bar date had passed on January 29. On January 30 MFSB filed the instant motion for an extension of time to file a § 523(c) complaint. In support of that motion MFSB relies upon *Herbert v. Schwartz (In re Schwartz & Meyers)*, 64 B.R. 948, 953 (Bankr.S.D.N.Y.1986), and argues that the notice required by Rule 4007(c) is a necessary predicate and trigger to the running of that rule's sixty day period; that "where a debtor seeks relief under the Bankruptcy Code and a discharge of his debts, it is not unfair to impose upon such debtor the duty to fully comply with the applicable rules"; and that a creditor has the right to assume that it will receive notice as required by the rules. On February 20, MFSB filed a complaint under Code § 523(a)(2)[4] and (c), contending that the debt owed to it was obtained through the use of a materially false written statement, false representations and pretenses, and actual fraud.

The debtors argue that notwithstanding their failure to give formal notice of the bar date, MFSB should not be given an extension because it had actual notice of the bankruptcy case and therefore could have ascertained the bar date and timely filed a § 523(c) complaint. Further, anticipating an argument by MFSB that failure to give the requisite formal notice deprived it of property in violation of the Due Process Clause of the Fifth Amendment, the debtors contend that MFSB's actual notice of the bankruptcy case prior to the § 523(c) bar date constituted adequate notice under that clause.

**4.** Code § 523(a) provides in part:
A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
....
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

## DISCUSSION

Rule 2003(a) provides that "[t]he court shall call a meeting of creditors [pursuant to § 341] to be held not less than 20 nor more than 40 days after the order for relief." Rule 2002(a) provides that "the clerk, or some other person as the court may direct, shall give ... all creditors ... not less than 20 days notice by mail of (1) the meeting of creditors pursuant to § 341 of the Code...." Bankruptcy Rule 9006(b)(2) states that the court may not enlarge the time for taking action under Rule 2003(a). Rule 4007(c) provides:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Rule 2002(f)(6) provides that "the clerk, or some other person as the court may direct, shall give ... all creditors ... notice by mail of ... (6) the time fixed for filing a complaint to determine the dischargeability of a debt pursuant to § 523 of the Code as provided in Rule 4007...." The time for filing a complaint under § 523(c) and Rule 4007(c) may not be reduced, but may be enlarged under the conditions stated in Rule 4007(c). Bankruptcy Rule 9006(b)(3), (c)(2). Thus, unless the time is enlarged, the § 523(c) bar date will be eighty to 100 days from the petition date.

(B) use of a statement in writing—
(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive....

The issue here is whether a creditor should be barred from filing a § 523(c) complaint after the bar date has passed, if that creditor was not given the court ordered notice of the bar date but was listed in the debtor's schedules and given verbal notice of the bankruptcy petition prior to the bar date. I conclude that such a creditor should not be barred. A contrary ruling would violate the Due Process Clause of the Fifth Amendment and nullify the notice requirement of Rule 4007(c).

### A.

■■■ The Fifth Amendment provides that "[n]o person ... shall ... be deprived of ... property, without due process of law...." As the Supreme Court held in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15, 70 S.Ct. 652, 657–58, 94 L.Ed. 865 (1950),

> [a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.... [W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.

When a party's name and address are known or are reasonably ascertainable, only actual notice is sufficient to satisfy the Due Process Clause. *Tulsa Professional Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490, 108 S.Ct. 1340, 1347, 99 L.Ed.2d 565 (1988); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983). Since the debtors knew the name and address of MFSB, the narrow constitutional question here is whether actual notice of the bankruptcy case constituted actual notice of the § 523(c) bar date. I conclude for the reasons that follow that it did not.

In *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953), the district court established a claims bar date and ordered the debtor to give notice of that date by mail to mortgage trustees and all creditors who had appeared in the case. Other creditors were given notice by publication of the bar order in newspapers pursuant to § 77(c)(8) of the Bankruptcy Act, which provided that "[t]he judge shall cause reasonable notice of the period in which claims may be filed ... to be given creditors ... by publication or otherwise." The Supreme Court found that § 77(c)(4) of the Bankruptcy Act, which provided that the bankruptcy judge was to direct the debtor or trustee to file a list of all known creditors with the amount and character of their claims and their last known address, was designed to enable the court to serve personal notice on creditors. The Court concluded that constructive notice by publication, "a poor and sometimes a hopeless substitute for actual service of notice," *id.* at 296, 73 S.Ct. at 301, was justifiable only when the names, addresses, and interests of persons are unknown and held that because the claims of the *City of New York* were known to the debtor, notice by publication could not be considered reasonable. The bar order against New York could not

> be sustained because of the city's knowledge that reorganization of the railroad was taking place in the court. The argument is that such knowledge puts a duty on the creditors to inquire for themselves about possible court orders limiting the time for filing claims. But even creditors who have knowledge of a reorganization have a right to assume that the statutory "reasonable notice" will be given them before their claims are forever barred. When the judge ordered notice by mail to be given the appearing creditors, New York City acted reasonably in waiting to receive the same treatment.
>
> The statutory command for notice embodies a basic principle of justice—that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights.

*Id.* at 297, 73 S.Ct. at 301. Thus, under the Act actual notice of a bankruptcy case did not constitute actual notice of a claims bar date.

The debtors cite several recent cases in support of their arguments that *City of New York* is no longer viable; that when a creditor has actual notice of a bankruptcy case, it is presumed to know the requirements for filing a dischargeability complaint; and that the debtors' failure to provide notice of the § 523(c) bar date does not violate the Due Process Clause. *E.g., Grossie v. Sam (Matter of Sam)*, 894 F.2d 778 (5th Cir.1990); *Lompa v. Price (In re Price)*, 79 B.R. 888, 890–93 (9th Cir. BAP 1987), *aff'd*, 871 F.2d 97 (9th Cir.1989); *In re Alton*, 64 B.R. 221, 223–24 (Bankr.M.D. Fla.1986), *aff'd*, No. 86–1356–CIV T–10 (M.D.Fla.1988), *aff'd*, 837 F.2d 457 (11th Cir.1988). Parenthetically, it is observed that the cases cited by the debtors were decided under § 523(a)(3)(B), which provides:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

....

(3) *neither listed nor scheduled* under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

....

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, *unless such creditor had notice or actual knowledge of the case in time for such timely filing and request....*

(Emphasis added). Section 523(a)(3)(B) places a burden of inquiry upon a creditor who has notice of a bankruptcy case. *Spring Valley Farms, Inc. v. Crow (In re Spring Valley Farms, Inc.)*, 863 F.2d 832, 834 (11th Cir.1989). However, as noted *infra*, the debtors scheduled MFSB, so that § 523(a)(3)(B) is not applicable and holdings premised on it are distinguishable.

But more to the point, I decline to accept the rationale of the cases relied upon by the debtors. It is suggested by the debtors and those courts that the Supreme Court concluded that a creditor was entitled to actual notice of the claims bar date because under the Act the time for filing a proof of claim was within the discretion of the judge, so that it would have been too burdensome for creditors to have had to continuously inquire about the date. The *Matter of Sam* and *In re Price* courts then contrasted that flexible time constraint under the Act with the less discretionary requirement of Rule 4007(c) that nondischargeability complaints be filed within sixty days of the first date set for a meeting of creditors. They concluded that "[w]hen a creditor is aware of the pendency of bankruptcy proceedings, the imposition of a duty on the part of the creditor to make an inquiry to determine the date of the first meeting of creditors, and to consult Bankruptcy Rule 4007(c) and calculate the bar date (sixty days after the date set for the initial creditors' meeting) is not so burdensome as to outweigh the need for expeditious administration of bankruptcy cases." *Matter of Sam, supra*, 894 F.2d at 781.

Even if it is appropriate in a due process analysis to measure the relative burden on a creditor to obtain information that should have been provided by a court ordered notice, I am not convinced, as the debtors contend, that the burden was heavier under the Act than it is under the Code. It cannot be said that there was more flexibility under the Act in fixing the bar date for filing proofs of claim than there is under the Code in fixing the bar date for dischargeability complaints such that due process required the debtor to give notice under the former but not under the latter statute. Bankruptcy Act § 77(c)(7) provided that: "[t]he judge shall *promptly* determine and fix a reasonable time within which the claims of creditors may be filed or evidenced...." 11 U.S.C. § 205(c)(7) (West 1946) (emphasis added). Therefore, although the bankruptcy judge had discretion in setting a bar date under the Act, that discretion was not unlimited. It is likely that judges followed the directive of § 77(c)(7) and "promptly" fixed the bar date, so that in most cases such a date would have been fixed by the time a credi-

tor inquired about that information. That one inquiry would be no more burdensome than an inquiry to ascertain the date of the first meeting of creditors under the Code.

The *City of New York,* however, did not turn on an assessment of the burden upon creditors to obtain vital bar date information. Rather, the Supreme Court and others that followed focused on the debtor's duty to give actual notice and the creditor's right to assume that such notice would be given. *See, e.g., Matter of Intaco Puerto Rico, Inc.,* 494 F.2d 94, 99 (1st Cir.1974) ("The trustee cannot avoid his statutory responsibility under chapter X, to formally provide the required notice, simply because of a creditor's possible familiarity with general aspects of the proceedings."); *Matter of Harbor Tank Storage Co., Inc.,* 385 F.2d 111, 115 (3rd Cir.1967) ("[T]he fact that a creditor knows of the intiation of reorganization proceedings does not in and of itself place a burden on the creditor to file an appearance or claim in the proceeding before receiving notice to do so: a creditor has every right to assume that he will be sent all the notices to which he is entitled under the Act.").

Even assuming that a creditor's burden was greater under the Act than it is under the Code, the vitality of *City of New York* has survived. The Due Process Clause focuses on the duty of a debtor to give notice of relevant dates, not on the relative ease with which a creditor can obtain that information without such notice. In *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 799–800, 103 S.Ct. 2706, 2711–12, 77 L.Ed.2d 180 (1983), the Supreme Court stated:

> [A] party's ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation. It is true that particularly extensive efforts to provide notice may often be required when the State is aware of a party's inexperience or incompetence.... But it does not follow that the State may forgo even the relatively modest administrative burden of providing notice by mail to parties who are particularly resourceful. Cf. *New York City v. New York, N.H. &*

*H.R. Co.,* 344 U.S., at 297 [73 S.Ct. at 301].

*See also Weigner v. City of New York,* 852 F.2d 646, 649 (2d Cir.1988) ("The proper inquiry is whether the state acted reasonably in selecting means likely to inform persons affected, not whether each property owner actually received notice."), *cert. denied,* 488 U.S. 1005, 109 S.Ct. 785, 102 L.Ed.2d 777 (1989). Further, as noted *infar,* a negligent or defiant debtor is hardly in a position to argue in a court of equity that failure to give notice ordered by that court should be ignored if an affected creditor had access to the information.

### B.

■ The Supreme Court has repeatedly stressed that statutes are to be construed, if fairly possible, to avoid raising doubts about their constitutionality. *E.g., United States v. Security Industrial Bank,* 459 U.S. 70, 78, 103 S.Ct. 407, 412, 74 L.Ed.2d 235 (1982); *St. Martin Evangelical Lutheran Church v. South Dakota,* 451 U.S. 772, 780, 101 S.Ct. 2142, 2147, 68 L.Ed.2d 612 (1981). *See also Matter of Wildman,* 30 B.R. 133, 140 n. 16 (Bankr.N.D.Ill.1983) ("The Bankruptcy Rules have the force of a statute because they were authorized by Congress, adopted by the Supreme Court, and filed with Congress."). If, as the debtors urge, Rule 4007(c) is construed to permit the sixty day bar period to run even though no notice is given and a creditor fails to file a timely dischargeability complaint and loses its right to do so, the resulting violation of the creditor's Fifth Amendment rights would mandate a finding that some provision of those rules was unconstitutional. Therefore, I agree with the conclusion reached in *Herbert v. Schwartz (In re Schwartz & Meyers),* 64 B.R. 948, 953 (Bankr.S.D.N.Y.1986), that the giving of the § 523(c) bar date notice required by the Bankruptcy Rules is "the necessary predicate and trigger to the running of the sixty day period."

Apart from the potential collision with the Due Process Clause, to conclude otherwise would weaken if not nullify the Rule 4007(c) notice requirement. It would be to the advantage of a debtor to not give notice

of the § 523(c) bar date, and it is likely that not all creditors would inquire.

Further, it is inappropriate for the debtors to come before this court of equity, *e.g., Global W. Dev. Corp. v. Northern Orange County Credit Serv., Inc. (In re Global W. Dev. Corp.)*, 759 F.2d 724, 727 (9th Cir. 1985), having violated this court's order, and argue that since the creditor had information from which it could have ascertained the relevant information, it should be bound. The debtors may not ignore the order that they give notice of the bar date but benefit from the order that established that date.

## CONCLUSION

For the foregoing reasons, MFSB's motion is granted, MFSB's February 20, 1990 § 523(c) complaint was timely filed, and IT IS SO ORDERED.