In re KELTON MOTORS, INC., Debtor.

Bankruptcy No. 88–255.
No. 90–287.

United States District Court,
D. Vermont.

Oct. 18, 1991.

John Harrington, Sulloway, Hollis & Soden, Concord, N.H. (William D. Koppenheffer, Clauson, Smith & Whelan, Hanover, N.H., of counsel), for appellant City Bank & Trust.

Michael Palmer, Glinka & Palmer, Middlebury, Vt., for trustee Gleb Glinka.

John J. Kennelly, Carroll, George & Pratt, Rutland, Vt., for appellee Mercedes–Benz Credit Corp.

## OPINION AND ORDER

PARKER, Chief Judge.

## BACKGROUND

 This is an appeal of the Bankruptcy Court decision in *In re Kelton Motors, Inc.*, No. 88–00255 (Bankr.D.Vt. June 14, 1990) (1990 WESTLAW 106717), in which the Bankruptcy Court denied creditor City Bank & Trust's ("City Bank") motion to file a late proof of claim. The Bankruptcy Court's decision represents a final judgment in a core proceeding under 28 U.S.C. § 157(b)(2); this court has jurisdiction pur-

suant to 28 U.S.C. § 158(a). Although the district court is obliged to accept the Bankruptcy Court's findings of fact unless they are clearly erroneous, the Bankruptcy Court's conclusions of law are reviewable by this court *de novo*. *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir.1990); *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir.1987); *In re Financial News Network, Inc.*, 126 B.R. 152, 154 (S.D.N.Y. 1991) (citing *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988–89 (2d Cir.1990)). Since both parties have stipulated to the facts, the issues presented are wholly questions of law, and are reviewed anew without constraint by the Bankruptcy Court's interpretation of the law.

## FACTS

The undisputed material facts as recited in the Bankruptcy Court's decision below are as follows. On October 27, 1988, Kelton Motors, Inc. filed an involuntary Chapter 7 bankruptcy petition under 11 U.S.C. §§ 101 *et seq.* Kelton Motors voluntarily converted to a Chapter 11 case on February 17, 1989, and on June 1, 1989 reconverted, voluntarily, to a Chapter 7 proceeding. Kelton Motors' Schedule A–3, "Creditors Having Unsecured Claims Without Priority," does not list City Bank, nor does City Bank's name appear on the required mailing matrix. LOCAL BANKR.RULE 1002(d). On June 2, 1989, the § 341(a) meeting notice was issued scheduling the first meeting of creditors for August 3, 1989. On the same date, a November 1, 1989 proof of claim bar date was set. City Bank filed its proof of claim on January 17, 1990, some seventy-seven days after the claims bar date.

City Bank admits that its general counsel knew about the commencement of the involuntary case as early as October 1988. In fact, on September 15, 1989, the Chapter 7 trustee, Gleb Glinka, wrote to City Bank, informing it in writing of the existence of the Chapter 7 proceeding. Glinka included the docket number and requested certain documentation concerning the debtor's accounts at the bank. On October 18, 1989,

the trustee again wrote City Bank requesting documentation concerning those accounts.

In spite of its actual knowledge of Kelton Motors' Chapter 7 status, City Bank denies that its general counsel, any other officer, or any attorney was aware, until the middle of December 1989, that the case had been reconverted to Chapter 7, or that any first meeting of creditors or bar date for the filing of proofs of claim had been set.

The Bankruptcy Court below held that because City Bank had actual knowledge of Kelton Motors' bankrupt status, the creditor's claim was not entitled to be allowed *nunc pro tunc* as if filed on or before the claims bar date, but should be subordinated along with other tardily filed claims to the timely filed claims of unsecured creditors pursuant to 11 U.S.C. § 726(a)(3).

The case presently before this court is an appeal by City Bank pursuant to 28 U.S.C. § 158(a) of the Bankruptcy Court's decision. The issue on appeal is as follows:

Is an unsecured creditor in a Chapter 7 case who has no notice of the claims bar date allowed to file *nunc pro tunc* on a par with other unsecured creditors pursuant to 11 U.S.C. § 726(a)(2), rather than in the subordinated position of a § 726(a)(3) claim?

For the reasons discussed, below, the Bankruptcy Court's decision is REVERSED, and City Bank is allowed to file *nunc pro tunc* on a par with other 11 U.S.C. § 726(a)(2) creditors, rather than being subordinated to a § 726(a)(3) position.

DISCUSSION

 City Bank's claim against Kelton Motors may be filed *nunc pro tunc* on a par with other 11 U.S.C. § 726(a)(2) creditors, because due process requires that creditors be given at least minimal notice by the debtor before their claims are forever barred. A creditor's knowledge of a bankrupt's status is insufficient to require

compliance with the claims bar date where no actual notice has been given to the creditor. Appellees,[1] on the other hand, argue incorrectly that since City Bank had actual knowledge of the debtor's bankruptcy, its failure to make even a reasonably inquiry into the claims bar date prohibits City Bank's tardily filed claim on a par with their claims.

City Bank acknowledges that the assets of the estate of a Chapter 7 bankrupt are distributed only to the holders of allowed claims against the estate, in a specified order of priority. 11 U.S.C. § 726(a). The statute prescribes the hierarchy according to which property of the estate shall be distributed. After the payment of first priority claims, the order of distribution of the estate is as follows:

(2) Second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph ... (3) ... of this subsection, proof of which is—

(A) timely filed under section 501(a) of this title; [or]

. . .

(C) Tardily filed under section 501(a) of this title if—

(i) the creditor holds that such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

(ii) proof of such claim is filed in time to permit payment of such claim;

(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph 2(C) of this subsection. . . .

11 U.S.C. § 726(a). As indicated above, the Bankruptcy Court held that City Bank's claim against the debtor would not be denied altogether, but instead would be subordinated to the status of a creditor under subparagraph (3). City Bank contests this

1. Appellees in this case are General Motors Acceptance Corp., Mercedes–Benz Credit Corp., Celtic Insurance Company, and Lyndonville Savings Bank & Trust, all of which are 11 U.S.C.

§ 726(a)(2) creditors of Kelton Motors. In addition, debtor's trustee, Gleb Glinka, is an appellee in this case.

designation, and desires to have its status promoted to that of a subparagraph (2) creditor.

The Bankruptcy Court relied heavily in its decision upon a prior case from the same court. In *In re Roberts*, 98 B.R. 664 (Bankr.D.Vt.1989), the Bankruptcy Court held that the rule providing for additional three days when notice is served by mail did not extend to the bar date for filing of creditors' proofs of claims in a Chapter 7 case. However, the facts of that case are readily distinguishable from those presently before this court. In *Roberts*, the creditor did receive notice of the bar date. *Id.* at 664. Because the main issue in the case at bar is the significance of debtor's failure to give notice to appellant, *Roberts* is not applicable.

While it undoubtedly would have been helpful to City Bank to inquire into Kelton Motors' claims bar date, the creditor did not act improperly in awaiting notice of the date before filing its proof of claim. The Supreme Court has held that creditors have the right to assume that the statutory "reasonable notice" will be given them before their claims are forever barred. "The statutory command for notice embodies a basic principle of justice—that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights." *City of New York v. New York, N.H. & H. R.R.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953).

The Bankruptcy Judge in his order distinguished *City of New York* from the instant case, indicating that at the time the Supreme Court decision was written, the 1898 Act in force gave the court discretion as to the setting of bar dates. Judge Conrad emphasized that the burden on creditors of constantly inquiring with the Court about possible bar dates was "difficult, if not impossible." The Bankruptcy court further noted that *City of New York's* ra-

tionale is inapplicable today because under the 1978 Act and BANKR.RULE 3002(c), all discretion is removed.

City Bank makes several responses to the Bankruptcy Court's distinction between *City of New York* and the instant case. First, the appellant contends that although the bar date generally (but not always) occurs automatically ninety days after the first meeting of creditors, the court first has to set the date of the meeting. In this case, City Bank received no notice of the meeting from which to calculate the bar date. Similarly, while it is true that the meeting of creditors ordinarily occurs forty days after the Bankruptcy petition is filed, there are exceptions to this requirement. BANKR.RULE 2003(a). Thus it would be improper to require City Bank to ascertain the dates for the first meeting of creditors and claims bar on its own, since they cannot be measured with precision by a creditor.

Second, City Bank correctly points out that the holding in *City of New York* was not based on the burdensome nature of requiring a creditor to inquire about when the bar date would occur, but on the creditor's unconditional right to assume that all mandatory notice requirements will be complied with before his rights are impaired. *In re Rogowski*, 115 B.R. 409, 413 (Bankr.D.Conn.1990) ("It cannot be said that there was more flexibility under the Act in fixing the bar date for filing proofs of claim than there is under the Code in fixing the bar date for dischargeability complaints such that due process required the debtor to give notice under the former but not under the latter statute").[2]

Finally, *City of New York* is not distinguishable from the instant case simply because the Supreme Court case would have absolutely barred the claim, while City

---

**2.** Appellee Mercedes–Benz Credit Corp. in its brief attempts to distinguish *Rogowski* from the case at bar by indicating that the creditor in that case made its motion to file a complaint pursuant to 11 U.S.C. § 523(c) the day after the bar date had passed, since that was the date on which the creditor learned of the bar date from the Chapter 7 debtor. Also, in *Rogowski*, the

debtor was the only party seeking discharge, whereas here a number of other unsecured creditors objected to City Bank's motion. These distinctions between *Rogowski* and the instant case are not dispositive, since the factual differences are not relevant to the issue of whether appellant's claim can be prohibited when it has not received sufficient notice.

Bank's claim is merely subordinated to those of other creditors. The appellant in the instant case establishes that the practical effect of subordination will be to bar the claim absolutely, unless the estate turns out to have assets sufficient to provide a surplus after all allowed claims have been fully satisfied. 11 U.S.C. § 726(a). If Kelton Motors' lack of notice to City Bank is found inexcusable for purposes of establishing whether City Bank may enlarge its time for filing its proof of claim, Kelton Motors' omission is not rendered permissible merely because of the remote possibility that City Bank's claim may be paid in part. *In re Zwerling,* Docket No. 884–40203–18, slip op. at 7 (Bankr.E.D.N.Y. January 11, 1988) (Barring creditor's claim would preclude recovery because no assets would remain after superior debts were satisfied).

City Bank's responses to the Bankruptcy Court's analysis of *City of New York* are persuasive. The Supreme Court decision is applicable to the instant case, and its holding is binding on this court. City Bank's claim against Kelton Motors cannot be forever barred, because the debtor did not act in accordance with mandatory procedures.

Also relevant here are Chapter 11 and Chapter 13 bankruptcy cases. Although the rules in each case are not necessarily identical,[3] the cases indicate that the bankruptcy court has no discretion but must allow late claims where a creditor has not received notice of the bar date—regardless of his actual knowledge of the bankruptcy proceedings. As to Chapter 11 cases, *see Broomall Indus. v. Data Design Logic Sys.,* 786 F.2d 401, 405 (Fed.Cir.1986); *In re Yoder Co.,* 758 F.2d 1114 (6th Cir.1985); *Reliable Elec. Co., Inc. v. Olson Constr. Co.,* 726 F.2d 620, 623 (10th Cir.1984); *In re Nutri\*Bevco, Inc.,* 117 B.R. 771 (Bankr. S.D.N.Y.1990); *In re Uiterwyk Corp.,* 105 B.R. 103, 105 (Bankr.M.D.Fla.1989). As to Chapter 13 cases, *see In re Zwerling, supra.*

**3.** Even though the requirements regarding notice and timeliness are found in different rules, the guidelines are similar enough to warrant analogies between the cases. BANKR.RULES 2002; 3002; 3003.

CONCLUSION

REVERSED. The Court ORDERS that the late-filed proof of claim of City Bank is allowed to be filed *nunc pro tunc* with the claims of other unsecured creditors under 11 U.S.C. § 726(a)(2).