**ALCATEL CONTRACTING (NA), INC., Appellant,**

v.

**SLAUGHTER COMPANY & ASSOCIATES, Appellee/Debtor.**

**Neil C. Gordon Trustee.**

**No. CIV.A.1:99–CV–741–GET.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 8, 1999.

Jack Calhoun Basham, Jr., Parker Hudson Rainer & Dobbs, Atlanta, GA, for Alcatel Contracting (NA), Inc., Appellants.

James C. West, III, Office of James C. West, III, Decatur, GA, for Slaughter Company & Associates, Appellees.

Neil C. Gordon, Macey Wilensky Cohen Wittner & Kessler, Atlanta, GA, for Neil C. Gordon, Trustee.

## ORDER

G. ERNEST TIDWELL, Chief Judge.

The above-styled matter is presently before the court on appeal from the Bankruptcy Court's orders entered on December 10, 1998 and February 16, 1999. Appellant, Alcatel Contracting (NA), Inc. ("Alcatel") raises the following issues on appeal:

1) Whether the Bankruptcy Court erred in denying Alcatel's motion to treat its late-filed proof of claim against the Debtor Slaughter Company & Associates as timely, and in denying Alcatel's motion to reconsider the Bankruptcy Court's decision, when Alcatel was entitled to but did not receive notice of the bar date due to the Bankruptcy Court's error in failing to add Alcatel's counsel to the mailing matrix; and

2) Whether Section 726(a) of the Bankruptcy Code, as applied to the circumstances of this case or on its face, violates Alcatel's constitutional right to due process and is unconstitutionally overbroad.

### Standard of Review

The district court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158. Under Federal Rule of Bankruptcy Procedure 8013, findings of fact shall not be set aside unless "clearly erroneous" and conclusions of law are reviewed *de novo*. *In re Das A. Borden & Co.*, 131 F.3d 1459, 1462 (11th Cir.1997). Trustee Neil C. Gordon's motion to extend time to file a response brief was denied by this court on June 7, 1999 and the response will not be considered on appeal.

### Factual and Procedural Background

The essential facts are undisputed. On July 24, 1996, the debtor, Slaughter Company & Associates ("Debtor"), filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. Neil C, Gordon, Esq., was appointed as Trustee ("Trustee") for the Debtor. Alcatel is an unsecured creditor of the Debtor. In the

Schedule F filed by the Debtor with the Bankruptcy Court listing its unsecured creditors, Alcatel is listed as having an undisputed, liquidated and non-contingent claim. The Debtor's Chapter 7 bankruptcy case was designated as a "no assets" case and the Bankruptcy Court advised all creditors as follows: "DO NOT FILE A PROOF OF CLAIM UNLESS YOU RECEIVE A COURT NOTICE TO DO SO."

On September 5, 1996, the law firm of Parker, Hudson Rainer & Dobbs ("Parker Hudson") filed a Notice of Appearance and Request for Notices ("Request for Notices") as counsel for Alcatel pursuant to Bankruptcy Rules 2002, 9007 and 9010. The Request for Notices directs the Bankruptcy Court to send all notices to Parker Hudson and gives the mailing address for the firm. The Request for Notices also includes Alcatel's mailing address as: 2001 Westside Parkway, Suite 190, Alpharetta, Georgia 30201.

On or about February 11, 1998, the Trustee advised the Bankruptcy Court that there might be assets available for distribution to the Debtor's unsecured creditors and on February 12, 1998, the Bankruptcy Court issued a notice to the Debtor's creditors instructing them to file proofs of claim by May 12, 1998 (the "Bar Date Notice"). It is undisputed that the Bankruptcy Court did not send a copy of the Bar Date Notice to Parker Hudson and that Parker Hudson did not receive notice of the bar date. Although Alcatel's Westside Parkway address was listed on the Certificate of Service for the Bar Date Notice, Alcatel had moved to a different address prior to the mailing of the notices and therefore, did not receive the Bar Date Notice.

Upon learning of the Bar Date Notice, Parker Hudson notified the Trustee of Alcatel's claim and its failure to receive the Bar Date Notice. On June 18, 1998, Alcatel filed a proof of claim against the Debtor in the Amount of $359,010.09. On July 13, 1998, Alcatel filed its motion in the Bankruptcy Court requesting that its proof of claim be treated as a timely filed claim.

On December 10, 1998, the Bankruptcy Court entered an order allowing Alcatel to file a proof of claim but denying Alcatel's request that the claim be treated as timely filed. In so doing, the court relied on *Byrd v. Alton,* 837 F.2d 457 (11th Cir.1988) for the proposition that lack of actual notice of the claims' bar date does not provide grounds for excusing failure to timely file a proof of claim where the creditor has actual knowledge of the bankruptcy case. As a result of the Bankruptcy Court's action, Alcatel does not have a priority claim and will receive distribution of any property of the estate remaining after payment of timely filed claims pursuant to 11 U.S.C. § 726(a)(3). On February 16, 1999, the Bankruptcy Court denied Alcatel's Motion for Reconsideration.

### Discussion

Rule 9010 of the Bankruptcy Rules authorizes a creditor to appear in a bankruptcy case through an attorney and have the attorney act on its behalf. Rule 2002(g) specifically requires that "[a]ll Notices required to be mailed under this rule to a creditor... shall be addressed *as such entity or an authorized agent may direct in a filed request....* " Bankruptcy Rule 2002(g)(emphasis added). Parker Hudson filed the Request for Notices with the Bankruptcy Court approximately 18 months before the Bar Date Notice was issued. The Request for Notices specifically directed the Bankruptcy Court to send all notices to Parker Hudson. Therefore, the Bankruptcy Court had an affirmative duty to send notice of the Bar Date to Parker Hudson on behalf of Alcatel. Bankruptcy Rule 2002(g); *See In re Melvin,* 1990 WL 375159 (Bankr.S.D.Ga. October 18, 1990)(vacating Chapter 13 confirmation order where debtor did not give notice to creditor's attorney after attorney made appearance of record even though the creditor received actual notice).

The *Byrd* case cited by the Bankruptcy Court is distinguishable and does not support the action taken by the Bankruptcy Court in this case. In *Byrd*, the Eleventh Circuit specifically found that the Bankruptcy Court had fulfilled its statutory duty to provide notice to all known creditors. *Byrd*, 837 F.2d at 460. In the present action, it is undisputed that, despite a Notice of Appearance and Request for Notices filed in the Bankruptcy Court by Parker Hudson on behalf of Alcatel, no Bar Date Notice was sent to Parker Hudson. Furthermore, because the Bankruptcy Court specifically directed the creditors not to file a proof of claim "unless you receive a court notice to do so," this was not a case where the creditor could independently determine the Bar Date by referring to the Bankruptcy Code or Bankruptcy Rules.

▮ A creditor is entitled to rely on the Bankruptcy Court clerk. *In re Isaacman*, 26 F.3d 629, 632–634 (6th Cir.1994); *In re Themy*, 6 F.3d 688, 689 (10th Cir. 1993). Once the Request for Notice was filed, Parker Hudson was entitled to receive the Bar Date Notice. *In re Lomas Financial Corporation*, 212 B.R. 46 (Bankr.D.Del.1997)(creditor denied due process when debtor failed to give creditor's attorney notice of hearing after attorney filed notice of appearance under Bankruptcy Rule 9010). Therefore, the Bankruptcy Court erred in refusing to treat Alcatel's proof of claim as timely filed when notice of the Bar Date was not sent to Alcatel's counsel as requested.

▮ Furthermore, it is within the Bankruptcy Court's power to correct such errors. A bankruptcy court has the inherent equitable power to correct its own mistakes. *See e.g., In re Isaacman*, 26 F.3d at 633 (bankruptcy court should exercise its equitable powers to allow late-filed non-dischargeability complaint when creditor reasonably relied on bankruptcy court's erroneous statement of the bar date). *In re Kelton Motors, Inc.*, 135 B.R. 758 (D.Vt.1991)(creditor had right to receive notice of bar date even though creditor aware of bankruptcy case, therefore late claim treated as timely).

For the foregoing reasons, the judgment of the Bankruptcy Court denying appellant Alcatel's motion to have its late-filed notice of claim treated as timely filed is REVERSED. Because the court finds that the Bankruptcy Court erred in denying Alcatel's motion, this court does not reach the second issue presented by appellant regarding the constitutionality of Section 726(a) of the Bankruptcy Code.

*Summary*

The judgment of the Bankruptcy Court in the December 10, 1998 and February 16, 1999 Orders is REVERSED. The case is REMANDED for further proceedings consistent with this opinion.