In re Robert John PRICE, Debtor.

Roy E. LOMPA, Appellant,

v.

Robert John PRICE, Appellee.

No. 87–6600.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 1989.

Decided March 29, 1989.

Michael P. Ring, Santa Barbara, Cal., for appellant.

Kenneth Jay Schwartz, Encino, Cal., for appellee.

Before ALARCON, BRUNETTI and THOMPSON, Circuit Judges.

BRUNETTI, Circuit Judge:

In this appeal we are asked to decide whether a bankrupt's creditor was given proper notice of the debtor's filing of a petition in bankruptcy when he was not listed as a creditor in the filing but his attorney, who was representing the creditor in a suit on the claim that the creditor is now seeking to have declared nondischargeable, received notice of the filing from the debtor's counsel.

In February 1983 Roy Lompa sued Robert Price in state court in regard to a contract dispute, alleging, among other things, fraud. On April 3, 1986, before the suit was resolved, Price filed a petition for Chapter 7 bankruptcy relief. Lompa was not listed on Price's schedule of creditors and thus was not notified by the bankruptcy court of the bar date for the filing of dischargeability complaints pursuant to section 523(c) of the Bankruptcy Code. There is no evidence of when Lompa was personally notified of the bankruptcy proceeding. On May 21, 1986, however, Lompa's counsel in the state court suit against

Price received a Notice of Injunction from Price's counsel which stated that a bankruptcy petition had been filed and that the state court suit would be subject to the automatic stay. This notice did not contain any deadline dates, and Lompa's counsel assumed that further notices would be forthcoming from the bankruptcy court. Counsel took no action and, on July 22, 1986, the deadline for the filing of dischargeability complaints passed.

On August 25, 1986, Lompa filed a Motion for Leave to File Late Complaint to Determine Dischargeability of Debt, claiming excusable neglect. The bankruptcy court granted the motion, finding that Lompa reasonably assumed that further notice of the bar date would be received from the court. The Bankruptcy Appellate Panel reversed, holding that notice to Lompa's counsel constituted notice to Lompa, and that it was sufficient to apprise him of the pendency of the dischargeability deadline date, 79 B.R. 888.

We have jurisdiction under 28 U.S.C. § 158(d) and affirm.

## STANDARD OF REVIEW

We review questions of law and statutory interpretation de novo. *See In re Hill*, 811 F.2d 484, 485–86 (9th Cir.1987).

## DISCUSSION

Subject to certain exceptions, the filing of a Chapter 7 petition in bankruptcy permits a debtor to be discharged from all debts that have arisen before the date of the order for relief. *See* 11 U.S.C. § 727(b). Section 523 of the Bankruptcy Code enumerates these exceptions and provides that:

(a) A discharge under section 727, 1141, 1228(a), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

Section 523(c) provides the mechanism for invoking these exemptions:

(c) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge. . . .

Under subsection (a)(3)(B), debts are not discharged that are:

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

. . . . .

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, *unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.*

(Emphasis added).

Thus, while certain debts are not dischargeable in bankruptcy, it is incumbent on the creditor to institute an action to have the debt declared exempt from the bankruptcy proceedings, provided that he has notice or actual knowledge that the debtor is in bankruptcy. If the creditor fails to act, the debt is discharged. Bankruptcy Rule 4007 sets forth the procedure for determination of the dischargeability of a debt, and requires the filing of a complaint by the creditor. Subsection (c) provides the time limitations, and is the basis of the present appeal:

(c) A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall

give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Here the creditor was not notified by the court within the prescribed time because he was not listed by the debtor, and the motion for an extension was not made before the time had expired. The bankruptcy court considered these factors and granted the motion to file a late complaint on the determination that the creditor had neither notice nor actual knowledge of the bar date for filing a dischargeability complaint. The Bankruptcy Appellate Panel for the Ninth Circuit disagreed with this reasoning and reversed. We affirm.

Counsel for the appellant in the present appeal was given actual notice of the bankruptcy proceedings in time to file a complaint, or at least to file a timely motion for an extension of time. At that time he was pursuing the same claim in state court that the appellant now seeks to have declared nondischargeable. We hold that under these circumstances notice to counsel constituted notice to the appellant. *See Maldonado v. Ramirez*, 37 B.R. 219, 221 (D.V.I.1984) (notice to a creditor's attorney of a bankruptcy filing is usually sufficient if the attorney received knowledge of it while representing his client in enforcing a claim against the bankrupt) (citing *3 Collier on Bankruptcy* ¶ 523.15(5)(c) (15th ed. 1983)), *rev'd on other grounds*, 757 F.2d 48, 51 (3d Cir.1985) (agreeing with premise, but finding the evidence insufficient to indicate that counsel was enforcing the claim for the client when notice was received); *In re Fulton*, 3 B.R. 600, 603–04 (Bankr.E.D. Mich.1980) (attorney who represents client in action affected by bankruptcy proceeding is impliedly authorized to receive notice on client's behalf regarding the action).

The fact that Price failed to list Lompa as a creditor did not relieve Lompa of his obligation to take timely action to protect his claim. *See In re Alton*, 837 F.2d 457, 460 (11th Cir.1988) ("The statutory language [of section 523(a)(3)(B) ] clearly contemplates that mere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action, whether or not that creditor received official notice from the court of various pertinent dates."); *Neely v. Murchison*, 815 F.2d 345, 347 (5th Cir.1987).

In light of our determination that the appellant was on notice that Price had filed for bankruptcy relief, the appellant's due process argument is without merit. When Lompa's attorney was notified of the bankruptcy of Price, Lompa was given reasonable notice of the action, and he had sufficient opportunity to present his objections at that time. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *In re Gregory*, 705 F.2d 1118, 1123 (9th Cir.1983).

AFFIRMED.