**In re Larrie S. ROCKMACHER and Phyllis Lee Rockmacher, Debtors.**

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Plaintiff,**

v.

**Larrie S. ROCKMACHER and Phyllis Lee Rockmacher, Defendants.**

**Bankruptcy No. 89 B 20965.**
**No. 90 ADV 6073.**

United States Bankruptcy Court, S.D. New York.

Aug. 2, 1990.

Barr & Rosenbaum by John Oliva, Spring Valley, N.Y., for debtors/defendants.

D'Amato & Lynch by Michael V. Baronio, New York City, for plaintiff.

## DECISION ON MOTION FOR DISMISSAL OF DISCHARGEABILITY COMPLAINT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

These Chapter 11 debtors have moved for an order dismissing a creditor's complaint objecting to the dischargeability of its debt under 11 U.S.C. § 523(c). The ground for the dismissal motion is that the complaint was filed untimely pursuant to Bankruptcy Rule 4007(c) because it was not filed within sixty days after the first date set for the meeting of creditors held pursuant to 11 U.S.C. § 341(a), as required under Bankruptcy Rule 4007(c) and Bankruptcy Rule 2002(f)(6).

The individual debtors, who are husband and wife, filed a joint Chapter 11 petition with this court on December 22, 1989. The date set for the meeting of creditors pursuant to 11 U.S.C. § 341(a) was March 30, 1990. The sixtieth day following March 30, 1990 was May 29, 1990. The plaintiff filed a complaint objecting to the dischargeability of its claim on June 22, 1990, which was more than sixty days after March 30, 1990.

The notice issued by this court specified March 30, 1990 as the date fixed for the meeting of creditors pursuant to 11 U.S.C. § 341(a). No reference was made in the

notice to the debtor's discharge under 11 U.S.C. § 727 because in accordance with 11 U.S.C. § 103(b), subchapters I and II of Chapter 7, including 11 U.S.C. § 727, apply only in a case under Chapter 7. The instant case was filed under Chapter 11 of the Bankruptcy Code, so that 11 U.S.C. § 727 is inapplicable. An individual Chapter 11 debtor receives a discharge in a Chapter 11 case under 11 U.S.C. § 1141(d)(1)(A) only in the event that the Chapter 11 plan is confirmed. As expressed in 11 U.S.C. § 1141(d)(2), the confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under 11 U.S.C. § 523. Therefore, while 11 U.S.C. § 727 is inapplicable to individual Chapter 11 debtors, the dischargeability provisions in 11 U.S.C. § 523 continue to apply to them.

The notice issued by this court correctly gave the creditors, including this plaintiff, not less than 30 days notice of the time set for the meeting of creditors held pursuant to § 341(a). It correctly omitted any reference to a bar date for complaints objecting to the debtors' discharge because 11 U.S.C. § 727 is inapplicable to Chapter 11 cases. However, the notice issued in this case failed to set a bar date for filing complaints to determine the dischargeability of the individual Chapter 11 debtors' debt under 11 U.S.C. § 523(a), as provided in Rule 4007(c) which reads as follows:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002.

Bankruptcy Rule 2002(f) specifically provides that the clerk or some other person directed by the court, shall give the debtor, all creditors and indenture trustees notice by mail of:

(6) the time fixed for filing a complaint to determine the dischargeability of a debt pursuant to § 523 of the code as provided in Rule 4007 ...

Several courts have held that if a creditor has actual notice of the filing of a bankruptcy case, but does not receive a notice from the court of the bar date for filing nondischargeability complaints under 11 U.S.C. § 523(c), the deadline for filing such complaints in cases under the Bankruptcy Code is not triggered until the creditor receives the notice from the court of the time fixed for filing complaints under 11 U.S.C. § 523(c), as required by Bankruptcy Rule 2002(f)(6). *See In re Rogowski*, 115 B.R. 409 (Bankr.D.Conn. June 21, 1990); *In re Schwartz & Meyers*, 64 B.R. 948 (Bankr.S.D.N.Y.1986). These cases reason that a creditor has the right to assume that it will be sent all notices required under the Bankruptcy Code. This position places a creditor who timely receives a deficient written notice of a bankruptcy case in a better position than an unlisted creditor who receives actual, but not written, court notification and whose claim is discharged pursuant to the express language in 11 U.S.C. § 523(a)(3)(B) because the creditor had "actual knowledge of the case in time for such timely filing and request" with respect to nondischargeability under 11 U.S.C. § 523(c).

There is no question that the plaintiff received timely notice from this court of the debtors' Chapter 11 case and at least 30 days notice of the date fixed for the meeting of creditors held pursuant to 11 U.S.C. § 341(a). The plaintiff and its counsel had ample time to consult Bankruptcy Rule 4007(c) and calculate the bar date for filing nondischargeability complaints under 11 U.S.C. § 523(c) and to ascertain that such time could not exceed sixty days following the first date set for the meeting of creditors held pursuant to 11 U.S.C. § 341(a). Under these circumstances, due process was satisfied because the plaintiff received written notice reasonably calculated under all circumstances to apprise it of the pendency of the bankruptcy case and an opportunity to present its objections. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

There is no discretionary period within which nondischargeability complaints under 11 U.S.C. § 523(c) may be filed under the Bankruptcy Code. Bankruptcy Rule 4007(c) mandates that such complaints must be filed within sixty days from the first date set for a meeting of creditors. Upon receiving actual notice of a bankruptcy case, a creditor, whether actually scheduled or not, must consult Bankruptcy Rule 4007(c) and calculate the sixty day bar date following the date set for the meeting of creditors held pursuant to 11 U.S.C. § 341(a). *See Grossie v. Sam (In re Sam)*, 894 F.2d 778 (5th Cir.1990).

> Obviously, one of the purposes of Bankruptcy Rule 4007(c) and sections 523(a)(3)(B) and 523(c) is to give creditors notice and an opportunity to be heard. Another purpose of the time references in these statutes, however, is to promote the expeditious and efficient administration of bankruptcy cases by assuring participants in bankruptcy proceedings "that, within the set period of 60 days, they can know which debts are subject to an exception to discharge." *See Neely*, [*v. Murchison*] 815 F.2d at [345] 347–48 [(5th Cir.1987)]. Our construction of the rule and the statutes in *Neely* simply recognized that the purpose of the notice requirement is satisfied when the creditor has actual knowledge of the case in time to permit him to take steps to protect his rights. Under such circumstances, technical compliance with Rule 4007(c)'s requirement that the creditor receive thirty days notice of the bar date frustrates the expeditious and efficient administration of cases in the bankruptcy court and is unnecessary to provide adequate notice.

*Grossie v. Sam (In re Sam)*, 894 F.2d at 781; *See also Lompa v. Price (In re Price)*, 871 F.2d 97 (9th Cir.1989).

Accordingly, the omission of a bar date for filing nondischargeability complaints in the thirty day notice which the court issued and which the plaintiff received with respect to the commencement of the instant Chapter 11 case did not excuse the plaintiff from complying with the sixty day period for filing nondischargeability complaints following the date set by the court for the meeting of creditors.

## CONCLUSIONS OF LAW

1. This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I).

2. The debtor's motion to dismiss the plaintiff's complaint to determine the dischargeability of its claim under 11 U.S.C. § 523(c) is granted because the complaint is time barred.

SETTLE ORDER ON NOTICE.