**In re GOLD STRIKE, INC., Debtor.**

**Bankruptcy No. 90–41747–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Dec. 21, 1990.

Howard J. Nussbaum, Weinstein, Zimmerman & Handin, P.A., Tamarac, Fla., for debtor.

Kevin C. Gleason, Office of U.S. Trustee, Miami, Fla.

Reggie David Sanger, Fort Lauderdale, Fla., for trustee.

Lucy DiBraccio, Hollywood, Fla., trustee.

## ORDER DENYING REHEARING

A. JAY CRISTOL, Bankruptcy Judge.

This matter came on before the court on the debtor's motion for reconsideration of an order dismissing this case for failure of the debtor to appear at the first meeting of creditors. After due consideration of the arguments and representations of counsel, the court finds as follows:

The trustee's report of the first meeting indicates that the debtor's counsel was present at the meeting, and that the debtor or an acceptable representative of the debtor was not. No excuse for the debtor's absence was offered, other than lack of notice. It is well settled that notice to the attorney is notice to the client. *In re: Price*, 871 F.2d 97 (9th Cir.1989); *Matter of Compton*, 891 F.2d 1180 (5th Cir.1990).

Despite the record of his presence there, debtor's counsel avers that he did not receive proper notice of the first meeting either. The court is not persuaded by this line of argument. With an exploding caseload, the courts can no longer afford the luxury of babysitting nescient attorneys. Bankruptcy Rule 2003 requires that a first meeting be called between 20 and 40 days after the order for relief is entered. This is a narrow time frame, and it is no great burden on the attorney who filed the petition to investigate it. It is incumbent upon an attorney that aspires to represent debtors in this court to find out when the meeting is scheduled, and to have his client there, as required by 11 U.S.C. § 343.

For the foregoing reasons, the motion for reconsideration is DENIED.

DONE and ORDERED.