**In re Aldo MEDAGLIA, Debtor.**

**GAC ENTERPRISES, INC., and Albee Associates, Plaintiffs,**

v.

**Aldo MEDAGLIA, Defendant.**

**Bankruptcy No. 891–85649–20. Adv. No. 892–8377–20.**

United States Bankruptcy Court, E.D. New York.

June 23, 1993.

Roy J. Lester, Lester & Fontanetta, Garden City, NY, for debtor.

Eugene Killian, Orloff, Lowenbach, Stifelman & Siegel, P.A., Roseland, NJ, for creditors.

Richard E. O'Connell, Chapter 7 Trustee, Whitestone, NY.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

### PRELIMINARY STATEMENT

This matter comes before the Court upon a motion for summary judgment ("Motion") by the defendant in the above-captioned adversary proceeding ("Adversary Proceeding"), and a cross-motion ("Cross-motion") by the above-referenced plaintiffs ("Plaintiffs", or "Creditors").

The Court has jurisdiction over the Adversary Proceeding pursuant to sections 157(b)(1) and 1334 of title 28, United States Code ("title 28"). This is a core proceeding pursuant to section 157(b)(2)(A), (B), (I), (J) and (O) of title 28. The Motion was made pursuant to Federal Rule of Civil Procedure 56, made applicable herein by Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). The Cross-motion was filed pursuant to Bankruptcy Rule 4007(c).

For the reasons set forth below, the Defendant's Motion for summary judgment is **GRANTED** and the Plaintiffs' Cross-motion is **DENIED**. Accordingly, the Adversary Proceeding is **DISMISSED**.

## RELEVANT FACTS

The Debtor filed a petition for bankruptcy relief under chapter 7 of title 11, United States Code ("Bankruptcy Code" or "Code") on or about December 18, 1991. Notice dated January 8, 1992 ("Notice") of the commencement of the Debtor's case was sent by the Clerk's Office of the United States Bankruptcy Court for the Eastern District of New York to all creditors listed by the Debtor in his petition. The Notice informed these creditors that a meeting pursuant to section 341 of the Bankruptcy Code would be held on February 10, 1992. The Notice also stated that April 10, 1992 was scheduled as the last date to file a complaint objecting to discharge of the Debtor or to determine the dischargeability of certain debts ("Bar Date").

Neither of the Plaintiffs received a copy of the Notice.

As to GAC Enterprises, Inc. ("GAC"), the Notice was not received because the address supplied by the Debtor was incorrect. This envelope was returned to the Court by the United States Postal Service. As to Albee Associates ("Albee"), the Notice was not received because Albee was not listed as a creditor by the Debtor in his petition, schedules or statement of financial affairs; hence, a copy of the Notice was not sent.

On or about February 13, 1992, Eugene Killian, Esq. ("Killian") of Orloff, Lowenbach, Stifelman, & Siegel, P.A., counsel for the Plaintiffs, sent a letter to the Debtor's attorney, Roy J. Lester, Esq. ("Lester"). In full, Killian's letter provides:

Dear Mr. Lester:

We are attorneys for Albee Associates and Metrobrook, Inc., which have filed a Complaint against Aldo Medaglia and others based upon violations of federal and state anti-racketeering and securities laws, and common law fraud. A copy of the Amended Complaint, dated September 14, 1990, is enclosed.

You have advised us that Mr. Medaglia has filed for Chapter 7 protection in the Eastern District of New York. We have not yet received a notice from the Court.

If Albee and GAC were not listed as creditors on Mr. Medaglia's schedules, they should have been, and I suggest that you amend the schedules to reflect them as creditors. Our position is that the claims of GAC and Albee against Mr. Medaglia are grounded in fraud and are therefore not dischargeable, and we intend to obtain a ruling from the Court on this issue; however, if Mr. Medaglia does not list GAC and Albee as creditors, then there is no question that the claims of GAC and Albee are not discharged.

Thank you for your anticipated cooperation.

Very truly yours,

ORLOFF, LOWENBACH, STIFELMAN & SIEGEL, P.A.

By s/ Eugene Killian
        Eugene Killian

Eugene Killian Letter dated February 13, 1992.

Killian's letter was dated 57 (fifty seven) days prior to the Bar Date.

One hundred and twenty five days after the Bar Date and 182 days after Killian's letter, the Plaintiffs commenced the Adversary Proceeding by filing a complaint with the Court on August 13, 1992. Pursuant to the Adversary Proceeding, the Plaintiffs seek to have their claims against the Debtor declared non-dischargeable pursuant to section 523(a)(2) and (a)(6) of the Code. Section 523(a)(2) provides that a discharge of an individual does not operate as a discharge for a debt obtained through fraudulent representations and 523(a)(6) excepts from discharge debts for willful and malicious injury to the person or property of another entity. 11 U.S.C. § 523(a).

The Debtor, as defendant in the Adversary Proceeding, filed his Motion on September 28, 1992, seeking summary judgment as to all of the causes of action in the Complaint, attorneys' fees pursuant to section 523(d) of the Code, and such other and further relief and the Court finds just and equitable. Essentially, Debtor's Motion asserts that the Plaintiffs' Adversary Proceeding was time-barred as of the Bar Date (April 10, 1992).

By their Cross-motion filed on October 14, 1992, the Plaintiffs requested an order, with nunc pro tunc effect as of August 13, 1992, extending their time to file a dischargeability complaint pursuant to Bankruptcy Rule 4007(c).[1] Both the Plaintiffs' response to the Debtor's Motion and the Plaintiffs' Cross-motion are premised upon their not having received the Notice from the Court.

## DISCUSSION

The issue before the Court is whether the Plaintiffs' Adversary Proceeding is time-barred in light of their non-receipt of the Notice sent by the Court, and their actual knowledge of the Debtor's bankruptcy case.

■ The Bankruptcy Code expressly deals with the unlisted or unscheduled creditor holding a claim of the type held by the Plaintiffs at bar.[2] Section 523 provides that a chapter 7 discharge does not discharge an individual debtor from any debt neither listed nor scheduled with the name of the creditor, if known to the debtor, in time to permit timely filing of a proof of claim and/or timely request for a determination of dischargeability of such debt, *unless such creditor had notice or actual knowledge of the case in time for such timely filing and/or request.* 11 U.S.C. § 523(a)(3) (emphasis added). Accordingly, a debt that is simply not listed or scheduled by a debtor will nevertheless be discharged if the "creditor had notice or actual knowledge of the case in time" to file a proof of claim, a dischargeability complaint, or a motion for an extension of time to file such complaint. *Id.*

**1.** For whatever reason, the Plaintiffs' Cross-motion for an extension of time to file their Adversary Proceeding requests the Court to give nunc pro tunc effect to the order as of August 13, 1992. An order extending the time to file a dischargeability complaint, even if dated August 13, 1992, would be useless to the Plaintiffs. As discussed in some detail in the text below, a *motion* for an extension of such time must be made before such time has expired. Fed. R.Bankr.P. 4007(c); *see also* Fed.R.Bankr.P. 4004(a). Thus, the date of the order is of little significance. Moreover, even if the date of the order held some significance, an order dated

The Bankruptcy Rules provide the time periods within which a complaint objecting to the discharge of a debtor or objecting to the discharge of a particular debt must be filed. Bankruptcy Rule 4004(a) provides that in a chapter 7 liquidation case, a complaint objecting to the debtor's discharge shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to section 341(a) of the Code. Fed.R.Bankr.P. 4004(a). Not less than 25 days notice of this time period must be given to all creditors. *Id.* Bankruptcy Rule 4004(b) provides the procedure for obtaining an extension of this 60 day period; in full, Rule 4004(b) provides:

> On motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. *The motion shall be made before such time has expired.*

Fed.R.Bankr.P. 4004(b) (emphasis added).

Bankruptcy Rule 4007 governs the procedure with respect to the determination of the dischargeability of a particular debt, and is similar. Rule 4007 provides that a complaint seeking the determination of the dischargeability of a particular debt shall be filed not later than 60 days following the first date set for the meeting of the creditors. Fed.R.Bankr.P. 4007(c). Rule 4007(c) also provides that the court shall also give not less than 30 days notice of this time period to all creditors. *Id.* Like Bankruptcy Rule 4004, Rule 4007(c) provides that a motion for an extension of time to file a dischargeability complaint must be made before the original time to file the complaint has expired. *Id.*

August 13, 1992 would be of no use in extending a period of time which expired on April 10, 1992.

**2.** That is, a debt of a kind specified in paragraph (2), (4) or (6) of section 523(a) which, as noted in the text above, excepts from discharge debts incurred, for example, through false pretenses, actual fraud, fraud while acting in a fiduciary capacity, embezzlement, or willful and malicious injury by the debtor. 11 U.S.C. § 523(a)(2), (4), (6).

In the case at bar, it is undisputed that the Adversary Proceeding and the Cross-motion for an extension of time to file the Adversary Proceeding were filed by Creditors GAC and Albee 125 days *after* the expiration of the time limit established by Bankruptcy Rules 4004(a), 4004(b) and 4007(c).

■ GAC and Albee claim that they should not be held to the 60 day time limit because they did not receive the Notice from the Court of the commencement of the Debtor's case and of these deadlines. They wish to have no significance placed upon the fact that their own attorney, Killian, had actual knowledge of the Debtor's bankruptcy case at least 57 days prior to the Bar Date. This knowledge is clearly shown in Killian's letter to the Debtor's attorney, Lester, dated February 13, 1992.

Section 523(a)(3)(B) constitutes an insurmountable hurdle to the Creditors: they had actual notice of the Debtor's case in time to file a dischargeability complaint or move for an extension of such time, but did neither. The Creditors have given no reason for their failure to take any action to protect their rights in the Debtor's case or for filing the Adversary Proceeding 125 days after the Bar Date and at least 182 days after having actual knowledge of the Debtor's case. *See* Killian's Letter of Feb. 13, 1992. In fact, in his letter to Lester, Killian warned that the Creditors' "claims are grounded in fraud and therefore not dischargeable, and we intend to obtain a ruling from the Court on this issue...." *Id.* It has not been shown why, but the Creditors' attempt to obtain a ruling on this issue was made nearly six months later. It appears, however, that Killian erroneously believed that if the Creditors were not listed or scheduled by the Debtor, then the Creditors would have little or no need to act because their claims would simply not be discharged; Killian informs: "if [the Debtor] does not list GAC and Albee as creditors, then there is no question that the claims of GAC and Albee are not discharged." *Id.* This proposition would have been true were it not for the Credi-

tors' actual knowledge of the Debtor's case. 11 U.S.C. § 523(a)(3)(B).

Several circuit courts of appeals have addressed whether actual knowledge of a bankruptcy case is sufficient to bar a creditor from filing a late dischargeability complaint or extension motion. These courts have held that actual knowledge of the bankruptcy case in time to file a dischargeability complaint or extension motion time-bars the filing of the motion and/or complaint. *See In re Piesner*, 130 B.R. 399, 401 (Bankr.E.D.N.Y.1991) (Goetz, J.) (citing, *e.g., Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987); *Sanchez Ramos v. Compton (In re Compton )*, 891 F.2d 1180, 1187 (5th Cir.1990); *Lompa v. Price (In re Price )*, 871 F.2d 97, 99 (9th Cir.1989) (creditor's counsel's actual notice of bankruptcy case "in time to file a complaint, or at least to file a timely motion for an extension of time" is enough); *Walker v. Wilde (In re Walker )*, 927 F.2d 1138, 1145 (10th Cir. 1991) (creditor's actual knowledge of debtor's case, "in ample time for them to prepare and timely file the necessary request for determination of dischargeability, bars them from challenging the dischargeability of their claim some fifteen months after the bar date for such complaints"); *Byrd v. Alton (In re Alton )*, 837 F.2d 457, 461 (11th Cir.1988) (A creditor who has actual knowledge of the debtor's bankruptcy and takes no action to inform himself of the dates to file a complaint contesting dischargeability or for an extension of such time cannot complain regarding the consequences of his inaction.)).

In New York, bankruptcy and district courts have similarly held. *E.g., Piesner*, 130 B.R. 399, 402 (Bankr.E.D.N.Y.1991) ("Even if there was inadequate time to file a complaint by the time [the creditor] learned of the ... deadline there was ample time to file a motion for an extension of time. Moreover, [the creditor] could easily have found out the deadline for filing a complaint...."); *In re Rockmacher*, 117 B.R. 69 (Bankr.S.D.N.Y.1990), *aff'd*, 125 B.R. 380 (S.D.N.Y.1991).

In the fifth circuit case *Neeley v. Murchison*, the creditor, Neeley, was not noti-

fied of the exact bar date but had actual knowledge of the debtor's bankruptcy case. *Neeley,* 815 F.2d at 346. Neeley failed to file his objection to dischargeability within the time limitation set by Bankruptcy Rule 4007. *Id.* The bankruptcy court dismissed Neeley's claim as time-barred and its decision was affirmed by the district court and by the Fifth Circuit Court of Appeals. *Id.* The fifth circuit stated that section "523(c) of the Code, which Rule 4007 is designed to implement, places a heavy burden on the creditor to protect his rights." *Id.* at 347. The court also stated that an unscheduled debt is discharged if the creditor had notice or actual knowledge of the case in time to make a request for the determination of dischargeability. *Id.* The court held that "because Neeley had notice of the bankruptcy proceedings and more than ample opportunity to protect his rights under Section 523(c), the purpose of the notice provision was met." *Id.*

In another case decided by the fifth circuit, the court held that since the creditor's counsel had actual knowledge of the debtor's case in time to file the appropriate motion or complaint, the creditors were precluded from filing a late complaint. *Sanchez Ramos v. Compton (In re Compton),* 891 F.2d 1180 (5th Cir.1990). In *Compton,* as in the case at bar, the creditor's counsel had actual knowledge of the Debtor's bankruptcy case in adequate time for the filing of an appropriate response. *Id.* at 1182.

In a bankruptcy case decided in this district, a creditor did not receive the bankruptcy court notice providing the last day for filing a dischargeability complaint or for filing a motion for an extension of time. *In re Piesner,* 130 B.R. 399, 401 (Bankr. E.D.N.Y.1991). However, the creditor was informed of the debtor's bankruptcy some 40 days before the last date to oppose discharge or file an extension of time. *Id.* at 400. The court held that there was ample time for the creditor to protect its rights. *Id.* at 402. The court added that even if there was inadequate time to file a complaint, there was ample time to file a motion for an extension of time. *Id.* The creditor could have easily ascertained the deadline for filing a complaint but, to its own detriment, did not. *Id.*

**CONCLUSION**

The Court finds no reason for holding in contrast to the plain language of the applicable statutes and the line of sound opinions construing them. The issue is whether a creditor with knowledge of a debtor's case may file a complaint objecting to discharge, or move for an extension of the time to file a complaint, after the time allotted by statute has expired, on the basis that the creditor never received the bankruptcy court's official notice of the case and such dates. The answer, provided by Bankruptcy Code section 523(a)(3)(B), Bankruptcy Rules 4004(a), 4004(b) and 4007(c) and the applicable opinions, is that the creditor may not.

In the case at bar, Creditors' counsel had actual knowledge of the Debtor's bankruptcy case from Debtor's counsel at least 57 days prior to the final date to file a complaint objecting to discharge, the Bar Date. Section 523(a)(3)(B) does not address nor concern the method of a creditor's gaining actual knowledge. 11 U.S.C. § 523(a)(3). Since the Creditors undisputedly had actual knowledge of the Debtor's bankruptcy case, official court notice under Rules 4004(a) and 4007(c) became unnecessary. *Id.; Neeley v. Murchison,* 815 F.2d 345, 347 (5th Cir.1987); *see also* cases cited *supra.* It is for this reason that the Court need not dwell, as the Creditors do, on the fact that neither of them received the official Notice from the Court. Even with actual knowledge of the Debtor's case, however, they failed to inform themselves of the Bar Date, failed to file a dischargeability complaint, and also failed to file a motion for an extension of time prior to the Bar Date. The Creditors' failure to act, not their failure to receive the Notice, caused the loss of their rights against the Debtor. *Id.*

The Court holds that the Creditors' actual knowledge of the Debtor's case satisfies the application of section 523(a)(3)(B) of the Code, as well as the statutory notice re-

quirements of Bankruptcy Rules 4004(a) and 4007(c). Also, because the creditors had actual knowledge of the Debtor's case and an ample opportunity to present their objections, due process requirements are also satisfied. *See National Union Fire Ins. Co. of Pitt. v. Rockmacher* (*In re Rockmacher*), 117 B.R. 69, 70 (Bankr. S.D.N.Y.1990) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)), *aff'd*, 125 B.R. 380 (S.D.N.Y.1991).

Therefore, the Court **GRANTS** the Debtor's Motion for summary judgment and holds that the Creditors' Adversary Proceeding seeking a determination as to the dischargeability of the debts owed them is **DISMISSED** as time-barred. The Creditors' Cross-motion to extend their time to file the Adversary proceeding is **DENIED** and **DISMISSED.** All requests for fees and costs are denied.

**SO ORDERED.**