Kenneth ROWE and Linda Rowe, Appellants,

v.

William F. STEINBERG, Appellee.

No. Civ. 099–40341.

United States District Court, E.D. Michigan, Southern Division.

Sept. 26, 2000.

Jason W. Bank, Schaefer & Weiner, Bloomfield Hills, MI.

Thomas P. Christy, Angelo A. Plakas Assoc., Westland, MI.

## *ORDER*

GADOLA, Judge.

Before the Court is Creditors Kenneth and Linda Rowe's appeal from the bankruptcy court's order granting Debtor William F. Steinberg's motion to discharge debt. For the reasons stated below, the Court grants Debtor's motion.

## I BACKGROUND

In 1997 Creditors filed suit against Debtor in state court alleging fraud. On March 23, 1998, a mediation panel found in Creditors' favor. On October 6, 1998, as

trial became imminent, Debtor filed for bankruptcy under Chapter Seven of the Bankruptcy Code, thus staying the state court proceedings.

By October 8, 1998, Debtor's lawyer had informed Creditors' counsel of the filing. This notice did not contain any deadline dates. Because of that filing, both parties later agreed to an administrative closing of the state court action.

Debtor failed, however, to list Creditors on his schedule of creditors. The bankruptcy court, accordingly, did not formally notify Creditors of the bar date for filing of dischargeability complaints under § 523(c) of the Bankruptcy Code.

The first meeting of the formally-notified creditors was on November 14, 1998, and the bar date for discharge of claims was set for January 15, 1999. Debtor obtained a discharge on January 28, 1999. The bankruptcy court closed the case on February 22, 1999. Three days later, the Rowes notified one of Debtor's lawyers that they intended to reopen the state court proceeding and seek a determination of non-dischargeability in that court. Debtor then moved for the bankruptcy court to: (1) reopen the case; (2) amend the schedules to add Creditors; and (3) discharge the debt as a matter of law, denying Creditors' motion for leave to file a complaint of non-dischargeability.

On July 29, 1999, the bankruptcy court granted Debtor's motion. Creditors now appeal from that decision. The Court decides the following issues on appeal.

First, the Court must consider whether, because the notice requirement of Bankruptcy Rule 4007(c) was not met, Rule 4007(c)'s sixty-day time limit for the filing of a non-dischargeability complaint applies to Creditors.

Second, the Court must decide whether, if the sixty-day limit of Rule 4007(c) does apply, the Rowes had actual knowledge of the case under § 523(a)(3)(B) of the Bankruptcy Code.

## II STANDARD OF REVIEW

 District courts review a bankruptcy court's conclusions of law de novo. *See Investors Credit Corp. v. Batie (In re Howard P. Batie)*, 995 F.2d 85, 88–89 (6th Cir.1993). A district court will not disturb a bankruptcy court's findings of fact, however, unless those findings were clearly erroneous. *See Manufacturers Nat'l Bank v. Auto Specialties Co. (In re Auto Specialties Mfg. Co.)*, 18 F.3d 358, 361 (6th Cir.1994).

## III ANALYSIS

 When a debtor files for bankruptcy under Chapter Seven, he is generally discharged from all debts existing before the order for relief. *See Lompa v. Price (In re Price)*, 871 F.2d 97, 98 (9th Cir.1989) (citing 11 U.S.C. § 727(b)). Section 523, however, provides exceptions to this rule. In pertinent part, § 523 dictates that a debtor filing under Chapter Seven does not obtain discharge for any debt that he "obtained by ... false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C.A. § 523(a)(2)(A) (West 2000).

Section 523(c) provides the means for a creditor to trigger exceptions to the general rule that a Chapter Seven filing discharges debts:

(c) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, *on request of the creditor to whom such debt is owed,* and after notice and hearing, the court determines such debt to be excepted from discharge....

11 U.S.C.A. § 523(c) (emphasis added).

 Critically, § 523(a)(3)(B) dictates that debts are not discharged unless (1) they are listed or scheduled "under section 521(1) of this title" in time for creditors to "timely file a proof of claim and timely request for a determination of discharge-

ability of such debt" or (2) the relevant creditor had "notice or actual knowledge of the case in time for such timely filing and request." 11 U.S.C.A. § 523(a)(3)(B).

■ In short, although debts obtained by fraud generally are not dischargeable in bankruptcy, creditors who have at least actual knowledge of a bankruptcy case must institute a timely action to have the debt declared exempt. *See Lompa,* 871 F.2d at 98. Bankruptcy Rule 4007(c) sets forth the time limits that dictate the Court's determination as to whether a creditor has, in fact, instituted a timely action. In pertinent part, the rule provides that a

> complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Bankruptcy Rule 4007(c).

Creditors seize on the language in Rule 4007(c) requiring the bankruptcy court to "give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002." (Cr. Brief at 6.) Relying on the case of *Herbert v. Schwartz (In re Schwartz & Meyers),* 64 B.R. 948 (Bankr.S.D.N.Y.1986), Creditors assert that the sixty-day deadline of Rule 4007(c) does not apply to them because the bankruptcy court did not give them thirty days' notice as provided in Rule 4007(c).

Debtors retort that the correct rule of law is enunciated in *Byrd v. Alton (In re Alton),* 837 F.2d 457 (11th Cir.1988). (Debt. Brief at 10–11.) In that case, the Eleventh Circuit reasoned as follows:

> A holding that the language of Rule 4007(c) about notice gives a creditor the right to such official notice before he is under a duty to make inquiries to protect his own rights would conflict with the language of 11 U.S.C. § 523, which makes actual notice sufficient to impose a duty-to-inquire on the creditor.

*Byrd,* 837 F.2d at 460. The *Byrd* court thus concluded that Rule 4007(c) did not require a bankruptcy court to give creditors formal notice before the sixty-day time limit applies to them.

■ The Court accepts Debtor's statement of the law for two reasons. Although the parties produce no Sixth Circuit case that is squarely on point, "[t]here is almost universal agreement that the provisions of F.R.B.P. 4007(c) are mandatory and do not allow the Court any discretion to grant a late filed motion to extend time to file a dischargeability complaint," even where the bankruptcy court failed to provide creditors with formal notice as provided for under Rule 4007(c). *Byrd,* 837 F.2d at 459 (citation omitted); *see, e.g., GAC Enter., Inc. v. Medaglia (In re Medaglia),* 52 F.3d 451, 454–55 (2d Cir.1995); *Sanchez–Ramos v. Compton (In re Compton),* 891 F.2d 1180, 1184–87 (5th Cir.1990); *Lompa,* 871 F.2d at 99; George H. Singer, *Section 523 of the Bankruptcy Code: The Fundamentals of Non-dischargeability in Consumer Bankruptcy,* 71 Am.Bankr.L.J. 325, 412 (1997).

The majority rule is well founded. Reading Section 4007(c) to require a bankruptcy court to provide formal notice of the bar date in all cases would render the language about "actual knowledge" under § 523(a)(3)(B) a nullity. *See GAC Enter., Inc.,* 52 F.3d at 454. Simply put, under Creditors' construction of the law, there would be no circumstances under which a creditor with actual notice, but no formal notice, would be under a duty to protect his rights under the Bankruptcy Code. This is a result that Congress could not reasonably have intended when it passed § 523.

The majority rule also is in keeping with the policies underlying the Bankruptcy Code and its rules. A clearly-delineated, brief period in which creditors may file complaints objecting to discharge of a debt allows debtors to quickly form a plan of reorganization and allows creditors to sooner evaluate the feasibility of such plans. *See In re Marino,* 195 B.R. 886, 893 (Bankr.N.D.Ill.1996) (citation omitted).

Creditors argue that, regardless of legislative intent, the Due Process Clause of the Fifth Amendment dictates that the "non-dischargeability deadline is too critical a facet of the Chapter 7 process to allow the deadline to slip by silently or erroneously."

The chief authority to which Creditors cite for this proposition is *City of New York v. New York, New Haven, and Hartford R.R. Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953). The holding of that case, however, was not based on any constitutional right. Rather, the Court predicated the decision on its interpretation of another notice provision of the Bankruptcy Code that lacked any language about actual notice. *See id.* at 294–97, 73 S.Ct. 299. Because the result of *City of New York* hinged on the legislative intent behind a different provision of the Bankruptcy Code, that case provide little support for Creditors' argument that they have a Due Process right to formal notice.

Creditors also point out that the Sixth Circuit has applied *City of New York* in holding that constructive notice was insufficient to provide a creditor with notice of a claims-bar date. *See Bratton v. Yoder Co. (In re Yoder Co.),* 758 F.2d 1114, 1116–17 (6th Cir.1985). But like the Supreme Court in *City of New York,* the Sixth Circuit was applying a provision of the Bankruptcy Code that, unlike § 523, *contained*

*no constructive-notice provision. Bratton* is, therefore, not controlling authority.

Both *City of New York* and *Bratton,* moreover, concerned notice of a deadline for filing claims. Because the statute at bar, § 523(a)(3)(B), demands "actual knowledge of the case," not of the claim-bar deadline, those cases are of little application to this case. 11 U.S.C.A. § 523(a)(3)(B).

At least five Circuit Courts have concluded that the actual-notice provision of § 523 does not offend the Due Process Clause of the Fifth Amendment. *See GAC Enter., Inc.,* 52 F.3d at 455. This Court now joins them.

For the above reasons, the Court concludes that, if Creditors had actual notice of the bankruptcy case, the sixty-day limit of Rule 4007(c) applies to Creditors. That resolves the first issue on appeal.

I turn to the second issue on appeal: whether Creditors had actual knowledge of the bankruptcy case.[1]

The general principle that oral notification of a fact constitutes "actual notice" in other areas of the law is well settled. *See, e.g., Thomas v. Cincinnati Bd. of Educ.,* 918 F.2d 618, 625 (6th Cir. 1990) (reasoning that telephone calls created actual notice). Although the Sixth Circuit has not ruled on whether oral notice suffices to create constructive notice required under § 523, the better view is that is does. There simply is no logical reason why a debtor's orally informing a creditor that a bankruptcy case is filed should not, well, put the creditor on actual notice that the claim is filed.

Having concluded as a matter of law that a telephone call may create actual notice under § 523, I turn to whether, as a matter of fact, the bankruptcy court was

---

1. Although both parties state in their brief that whether Creditors had " 'actual knowledge of the case' under § 523(a)(3)(B)" is the second issue on appeal, Creditors at one point in their brief argue that the relevant "notice is of time limits." (Cr. Brief at 12.) The Court does not address that issue because (1) it is not included in the parties' framing of the issues and (2) the relevant language of § 523(a)(3)(B) demands "actual knowledge of the case," not of the claim-bar deadline. 11 U.S.C.A. § 523(a)(3)(B).

clearly erroneous in concluding that Debtor gave Creditor actual notice of the case.

Given that both parties agree that Debtor's attorney informed Creditor's lawyer that Debtor was filing for bankruptcy, the Court has no reason to believe that the bankruptcy court committed clear error. It thus concludes that Creditors had "actual knowledge" of the case.

Having concluded that (1) the sixty-day deadline of Rule 4007(c) applies to Creditors, and (2) that Creditors had actual knowledge of Debtor's bankruptcy case, the Court should affirm the bankruptcy court's orders.

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that the order of the bankruptcy court discharging Creditors' debt is **AFFIRMED**.

**SO ORDERED.**